# (October 30, 1968)

■ PASQUALE MORRONE, as Guardian ad Litem of CARMELA MORRONE, an Infant, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 40740.) PASQUALE MORRONE, Appellant, v. STATE OF NEW YORK, Respondent. (Claim

No. 41191.) — AULISI, J. Appeal from judgments entered October 6, 1964, upon a decision of the Court of Claims. On February 14, 1962, the infant claimant sustained personal injuries when she fell on a sidewalk in front of Morey Hall, a women's dormitory at the State University of New York, College at Potsdam. There were four separate entrances to Morey Hall, two at the front of the building and two at the rear. The sidewalk upon which the infant claimant fell led from that front entrance most frequently used by the dormitory's residents to the main village sidewalk. On the day of the accident this sidewalk was covered with hard packed snow and ice. Snow began falling at 5:10 A.M. on that day and continued until sometime prior to 8:00 A.M. No precipitation of any kind had occurred during the preceding four days. The infant claimant, a student at the college and a resident of Morey Hall, testified that on the morning of the day in question she had walked across the sidewalk on at least one and possibly on two occasions. At approximately 1:30 P.M. she was sitting in the dormitory's reception room when she received a call informing her that flowers had been sent to her and had arrived at the Student Union which was located next to Morey Hall. She left Morey Hall via the front entranceway and cut across the snow covered lawn in front of the building to reach the Student Union. Upon her return to Morey Hall, and while carrying the flowers in a glass vase, she followed a different route, walking along the plowed main sidewalk and thence along the sidewalk leading to Morey Hall. While proceeding along this latter sidewalk, she slipped on the accumulated ice and snow and fell, sustaining personal injuries. Witness Hanna, also a resident of Morey Hall, testified that on that same morning she had fallen twice at approximately the same spot and that at the time of the second incident she was assisted to her feet by the infant claimant. The Court of Claims found that the claimants had failed to demonstrate freedom from contributory negligence and, accordingly, dismissed the claims and we approve its determination but conclude that under the circumstances the court's finding of the State's negligence was also contrary to the weight of the evidence. Judgments affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Aulisi, J.